1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  FRANCISCO GIL,                          1:09-cv-01706 MJS HC

10                          Petitioner,     ORDER DENYING PETITIONER'S MOTION
                                            FOR PRELIMINARY INJUNCTION

11         v.                              [Doc. 11]

12
    JAMES A. YATES,
13
                            Respondent.
14  _____/

15

16         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  under 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the

    jurisdiction of the United States Magistrate Judge on October 13, 2009. (Court Doc. 5.)
18
           Petitioner filed the instant petition for writ of habeas corpus on September 28, 2009.
19
    (Court Doc. 1.) In his petition, he challenges a January 24, 2007, California Department of
20
    Corrections and Rehabilitation Rules Violation Report for unauthorized possession of controlled
21
    medication. (Id.)  Petitioner contends that he was improperly assessed with a 121 day credit
22
    forfeiture and that under prevailing law he should not have been assessed with a credit forfeiture
23
    of more than 30 days. (Id.)
24
           On March 18, 2010 Petitioner filed "Affidavit of Francisco J. Gil in Support of
25
    Preliminary Injunction Motion." (Court Doc. 11.) Since the federal courts have a duty to construe
26
    pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing
27
    Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)),  the Court will construe Petitioner's
28

                                                1

1   March 18, 2010 affidavit and accompanying documents as a motion for preliminary injunction.

2   (Court Doc. 11.)  Therein Petitioner contends that he was improperly assessed with a 121 day

3   credit forfeiture  and requests injunctive relief in the form of a reduction in amount of day credits

4   forfeited and requests that he be immediately released from prison. (Court Doc. 11, p. 6.)

5        Rule 65(a) of the Federal Rules of Civil Procedure allows the Court to issue a preliminary

6   injunction.  The Court can issue a temporary restraining order if the moving party has shown

7   either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the

8   existence of serious questions going to the merits and the balance of hardships tipping in [the

9   moving party's] favor."  Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d

10  1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725

11  F.2d 521, 523 (9th Cir. 1984).  The two formulations represent two points on a sliding scale with

12  the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.

13  "Under either formulation of the test, plaintiff must demonstrate that there exists a significant

14  threat of irreparable injury."  Id.  In the absence of a significant showing of irreparable injury, the

15  Court need not reach the issue of likelihood of success on the merits.  Id.

16       Similarly, to obtain a preliminary injunction, a party must demonstrate either (1) a

17  combination of probable success on the merits and the possibility of irreparable injury, or (2) the

18  existence of serious questions going to the merits and that the balance of hardships tips sharply in

19  its favor. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir.1987.)

20       Petitioner has not shown probable success and irreparable injury or serious questions

21  going to the merits and greater hardship.  He has failed to meet his burden of demonstrating

22  entitlement to injunctive relief. His motion for injunctive relief  merely reasserts and re-argues

23  the merits of his petition for writ of habeas corpus.  The merits of that petition will be resolved in

24  due course.  The Court's pending case load is substantial.  It must act first on the cases that have

25  been pending the longest.

26  ///

27  ///

28  ///

Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

**Dated:    May 27, 2010**                      /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE