# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GIL, | 1:09-cv-01706 AWI MJS HC |
| Petitioner, | ORDER DENYING PETITIONER'S SECOND MOTION FOR PRELIMINARY INJUNCTION |
| v. | [Doc. 25] |
| JAMES A. YATES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 28, 2009. (Pet., ECF No. 1.) The petition challenges a California Department of Corrections and Rehabilitation Rules Violation Report for unauthorized possession of controlled medication, issued January 24, 2007. (Id.) Petitioner contends that he was improperly assessed with a 121 day credit forfeiture, and that under prevailing law he should not have been assessed with a credit forfeiture of more than 30 days. (Id.)

On March 18, 2010 Petitioner filed "Affidavit of Francisco J. Gil in Support of Preliminary Injunction Motion." (Mot. for Prelim. Inj., ECF No. 11.) The affidavit was considered as a motion for preliminary injunction and subsequently denied by order of this Court on May 27, 2010. (Order, ECF No. 16.) Petitioner then filed a second motion for preliminary injunction with the Court on August 12, 2010. (Second Mot. for Prelim. Inj., ECF No. 25.)

1   Rule 65(a) of the Federal Rules of Civil Procedure allows the Court to issue a
2   preliminary injunction.  The Court can issue a temporary restraining order if the moving
3   party has shown either "(1) a likelihood of success on the merits and the possibility of
4   irreparable injury, or (2) the existence of serious questions going to the merits and the
5   balance of hardships tipping in [the moving party's] favor."  <u>Oakland Tribune, Inc. v.
6   Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting <u>Apple
7   Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984).  The two
8   formulations represent two points on a sliding scale with the focal point being the degree
9   of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under either formulation
10  of the test, plaintiff must demonstrate that there exists a significant threat of irreparable
11  injury." <u>Id.</u>  In the absence of a significant showing of irreparable injury, the Court need not
12  reach the issue of likelihood of success on the merits.  <u>Id.</u>

13  To obtain a preliminary injunction, a party must demonstrate either 1) a combination
14  of probable success on the merits and the possibility of irreparable injury, or 2) the
15  existence of serious questions going to the merits and that the balance of hardships tips
16  sharply in its favor. <u>First Brands Corp. v. Fred Meyer, Inc.</u>, 809 F.2d 1378, 1381 (9th
17  Cir.1987.)

18  As Petitioner is again merely re-arguing the merits of his petition by way of motion
19  for injunctive relief, Petitioner has failed to met his burden demonstrating entitlement to
20  injunctive relief.  The merits of Petitioner's petition will be resolved in due course; the
21  Court's number of pending cases is substantial and the Court must act first on those cases
22  that have been pending the longest.  However, the Court has already ordered Respondent
23  to file a response.

24  Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion for a
25  preliminary injunction is DENIED.

26  IT IS SO ORDERED.

27  Dated:    August 24, 2010            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE
28