1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18

| | |
|---|---|
| FRANCISCO GIL, | 1:09-cv-01706 AWI MJS HC |
| Petitioner, | |
| v. | SUPPLEMENTAL FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| JAMES A. YATES, Warden | [Doc. 28] |
| Respondent. | |

19

## **PREFACE**

20      *On October 26, 2010 this Court issued Findings and Recommendations regarding*

21 *Respondent's motion to dismiss. (F&R's, ECF No. 29.) The Findings and Recommendations*

22 *are hereby STRICKEN and replaced in their entirety by the following Supplemental Findings*

23 *and Recommendations.*

24               **SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS**

25      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

26 pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Andrew R.

27 Woodrow, Esq., of the Office of the Attorney General for the State of California.

28 *///*

1  **I.    BACKGROUND**

2      Petitioner is currently in the custody of the California Department of Corrections and

3  alleges that his due process rights were violated at a prison disciplinary hearing held on March

4  1, 2007. Specifically, on January 24, 2007 Petitioner was charged with a disciplinary violation

5  for unauthorized possession of a controlled medication. (Mot. to Dismiss, Exs. 1-2.) On March

6  1, 2007, Petitioner was found guilty of the rules violation and assessed a loss of credits of 121

7  days. (Id.) Petitioner then filed an administrative appeal regarding the decision on March 7,

8  2007. (Id.) A second level response was prepared in response to the appeal on June 28, 2007,

9  however, Petitioner disputes receiving the decision until September, 2007. (Id.) Petitioner then

10  filed a director's level appeal on October 8, 2007.  (Id.) On December 9, 2007, the director

11  prepared a  response indicating second level appeal was the final level of review for this type

12  of appeal. (Id.)

13      Starting in August 2008, Petitioner filed three collateral challenges with respect to the

14  disciplinary hearing in the state courts, all petitions for writ of habeas corpus, as follows:

15      1.    <u>Fresno County Superior Court</u>
              Filed: August 11, 2008[1];
16            Denied: September 15, 2008;

17      2.    <u>California Court of Appeals, Fifth Appellate District</u>
              Filed: October 16, 2008[2];
18            Denied: February 6, 2009;

19  ///

20  ///

21

22

23  [1] In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness
24  of federal habeas filings under the AEDPA limitations period.  <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), <i>citing</i> <u>Houston</u>, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions
25  filed on the date Petitioner presumably handed his petition to prison authorities for mailing. <u>See</u> <u>also</u> Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on August 13, 2008, pursuant to the
26  mailbox rule the Court considers the petition filed on August 11, 2008, the date Petitioner signed the petition.

27  [2] A copy of this petition has not been submitted with the pleadings. Accordingly, it cannot be ascertained when Petitioner handed his petition to prison authorities for mailing. While Petitioner may benefit from the mail
28  box rule, any such benefit is not relevant to the Court's determination of the motion to dismiss.

1
2

      3.      <u>California Supreme Court</u>
                 Filed: February 14, 2009[3];
                 Denied: March 18, 2009;

3

(<u>See</u> Mot. to Dismiss, Exs. 1-2.)

4

     On September 24, 2009[4], Petitioner filed the instant federal petition for writ of habeas

5

corpus in this Court. On September 13, 2010, Respondent filed a motion to dismiss the

6

petition as being filed outside the one-year limitations period prescribed by 28

7

U.S.C. § 2244(d). Over twenty one (21) days have passed, and Petitioner has not filed an

8

opposition to Respondent's motion to dismiss.

9

**II.**    **DISCUSSION**

10

      **A.**    **Procedural Grounds for Motion to Dismiss**

11

     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

12

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

13

not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

14

Cases.

15

     The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

16

answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

17

violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th

18

Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

19

remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

20

grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp.

21

1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

22

after the court orders a response, and the Court should use Rule 4 standards to review the

23

motion.  <u>See Hillery</u>, 533 F. Supp. at 1194 & n. 12.

24

///

25

26
27

    [3] Although the petition was filed on February 19, 2009, pursuant to the mailbox rule the Court considers the petition filed on February 14, 2009, the date Petitioner signed the petition.

28

    [4]Although the petition was filed on September 28, 2009, under the mailbox rule the Court will consider the petition filed on September 24, 2009, the date Petitioner signed the petition.

1    In this case, Respondent's motion to dismiss is based on a violation of the one-year

2  limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

3  in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

4  procedural default and Respondent has not yet filed a formal answer, the Court will review

5  Respondent's motion to dismiss pursuant to its authority under Rule 4.

6    **B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

7    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

8  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

9  writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

10  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),

11  *cert. denied,* 118 S.Ct. 586 (1997).

12    In this case, the petition was filed on September 24, 2009, and therefore, it is subject

13  to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on

14  petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).

15  As amended, § 2244, subdivision (d) reads:

16    (1)  A 1-year period of limitation shall apply to an application for a writ of
      habeas corpus by a person in custody pursuant to the judgment of a State court.
17    The limitation period shall run from the latest of –

18    (A) the date on which the judgment became final by the conclusion of
      direct review or the expiration of the time for seeking such review;
19

20    (B) the date on which the impediment to filing an application created by
      State action in violation of the Constitution or laws of the United States is
      removed, if the applicant was prevented from filing by such State action;
21

22    (C) the date on which the constitutional right asserted was initially
      recognized by the Supreme Court, if the right has been newly recognized by the
      Supreme Court and made retroactively applicable to cases on collateral review;
23    or

24    (D) the date on which the factual predicate of the claim or claims
      presented could have been discovered through the exercise of due diligence.
25

26    (2) The time during which a properly filed application for State post-conviction
      or other collateral review with respect to the pertinent judgment or claim is
      pending shall not be counted toward any period of limitation under this
27    subsection.

28  28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the Petitioner's direct review became final. In a situation such as this where the Petitioner is challenging an administrative decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

Respondent submits that the limitations period began to run on December 9, 2007, the date when Petitioner was advised that the second level appeal constituted the final action in the administrative review process. (Mot. to Dismiss at 3.) The Court agrees. The December 9, 2007 letter states that the second level of review is the department's final action in the matter, whereas the second level response states that the Petitioner may submit for a director's level review, if desired.  While it is possible that Petitioner may have been aware that the administrative review process was completed before receiving the December 9, 2007 letter, in construing the facts in Petitioner's favor, the Court shall assume that the December 9, 2007 letter serves as a the factual predicate.

Accordingly, the statute of limitations began to run the next day, December 10, 2007, and Petitioner had one-year thereafter to file a timely petition. 28 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

Petitioner would have one year from December 10, 2007 absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until September 24, 2009, over nine months after the statute of limitations period expired.  Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that is petition is not barred by the statute of limitations.

1    **C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

2          28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

3    State post-conviction or other collateral review with respect to the pertinent judgment or claim

4    is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

5    In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

6    petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals

7    between one state court's disposition of a habeas petition and the filing of a habeas petition

8    at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,

9    183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state

10   petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court

11   explicitly states that the post-conviction petition was timely or was filed within a reasonable

12   time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S.

13   189 (2006). Claims denied as untimely or determined by the federal courts to have been

14   untimely in state court will not satisfy the requirements for statutory tolling. Id.

15         In the present case, the Fresno County Superior Court specifically held that the state

16   habeas petition was not timely filed. (Mot. to Dismiss, Ex. 1.) Accordingly, the period during

17   which the petition filed with the Fresno County Superior Court was pending is not entitled to

18   statutory tolling. Further, subsequent state court decisions adopt the reasoning of the lower

19   court decision upon issuing a summary denial.  As both the California Court of Appeal, Fifth

20   Appellate District and California Supreme Court issued summary denials, those petitions are

21   also to be construed as untimely filed. Ylst v. Nunnemaker, 501 U.S. 797, 803-804 (1991).

22   Therefore, Petitioner is not entitled to any statutory tolling the limitations period expired one

23   year after December 10, 2007, on December 9, 2008.  As Petitioner filed his federal petition

24   on September 24, 2009, after the expiration of the statute of limitations period, and the petition

25   is untimely.

26         However, even if Petitioner was entitled to statutory tolling for his state court petitions,

27   the instant federal petition would still be untimely. As stated above, the statute of limitations

28   period began on December 10, 2007. Petitioner filed his first state habeas petition on August

11, 2008, in the Fresno County Superior Court. At that point, 245 days of the limitations period had elapsed. Assuming all the state petitions were properly filed, the statute of limitations is tolled for the time the Petitioner filed his petition with the Fresno County Superior Court to when his last petition was denied by the California Supreme Court on March 18, 2009. As 245 days of the limitations period already elapsed, 120 remained as of March 18, 2009. Accordingly, the limitations period expired on July 16, 2009. The present petition was filed on September 24, 2009, over two months after the limitation period expired. The petition remains untimely.

### D.      Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

### III.      EXHAUSTION OF STATE REMEDIES

Respondent asserts that the petition should be dismissed based on Petitioner's failure to exhaust his state remedies. As the petition was not timely filed, the Court need not address whether the claims in the petition were exhausted.

### IV.      CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to the benefit of statutory tolling, the Petition was still not timely filed. Finally, Petitioner is not excused from timely filing due to equitable tolling. Based on the foregoing, this Court

1   recommends that Respondent's motion to dismiss be GRANTED.

2   **V.      RECOMMENDATION**

3           Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

4   Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

5   GRANTED.

6           This Findings and Recommendation is submitted to the assigned United States District

7   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

8   Local Rules of Practice for the United States District Court, Eastern District of California.

9   Within thirty (30) days after the date of service of this Findings and Recommendation, any

10  party may file written objections with the Court and serve a copy on all parties.  Such a

11  document should be captioned "Objections to Magistrate Judge's Findings and

12  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

13  days after service of the Objections. The Finding and Recommendation will then be submitted

14  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

15  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

16  waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

17  Cir. 1991).

18

19  IT IS SO ORDERED.

20  Dated:   __October 31, 2010__         ____/s/ _Michael J. Seng____
                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28